HINE *v.* BAY CITIES CONSOLIDATED RAILWAY CO.

1. STREET RAILWAYS — ACTION FOR INJURIES — MOTIVE POWER — IRRELEVANT ISSUES.

Whether a street-railway company was authorized, by the terms of its franchise, to operate its cars by electricity, cannot be raised in an action against the company for injuries sustained by being struck by an electric car.

2. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

An instruction, in an action for injuries to a child struck by an electric car, to the effect that a mature, adult person, under the same circumstances, would be guilty of contributory negligence as a matter of law, is not erroneous, where it is undisputed that, shortly before mounting her bicycle to cross the track, she saw the car which afterwards struck her, standing still three blocks away; that she did not look for it again, her attention being directed to a car coming from the opposite direction on an intervening track; and that, after waiting for the latter car to pass, she mounted her bicycle, and attempted to cross, without paying any attention to the car which struck her.

3. TRIAL—CONDUCT OF CIRCUIT JUDGE— TREATMENT OF COUNSEL.

The arbitrary conduct of the circuit judge in refusing to hear counsel, who, in an entirely courteous manner, were endeavoring to explain their position with reference to certain requests to charge, was criticised, but as the appellee, rather than the appellant, was the prejudiced party, the judgment was not disturbed.

Error to Bay; Maxwell, J. Submitted November 3, 1897. Decided December 7, 1897.

Case by Gustaves Hine against the Bay Cities Consolidated Railway Company to recover for moneys expended in effecting the cure of plaintiff's daughter, alleged to have been injured through defendant's negligence. From a judgment for defendant, plaintiff brings error. Affirmed.

*George P. Cobb*, for appellant.

*T. A. E. & J. C. Weadock*, for appellee.

MOORE, J. The following statement of facts is taken from the brief of counsel for plaintiff:

"Plaintiff resides in Bay City, at the southwest corner of Washington and Eighth streets. Washington street runs north and south, and Eighth street crosses it. Center street is north of, and parallel to, Eighth street, and Seventh and Sixth intervene. Twelfth street is south of, and parallel to, Eighth, and Ninth, Tenth, and Eleventh streets intervene. On July 18, 1893, the defendant corporation had two parallel street-railway tracks on Washington street, about 4 feet apart,—one each side of the center line of the street,—on which, for a few months, it had been running electric street cars. Before electric cars were put on, horse cars had been running on the same street for several years. Plaintiff is the father of a girl, Dora Hine, who in July, 1893, was about 9 years old. She had always resided at the same place. On July 18, 1893, she had been out with another little girl, riding a bicycle; and returning, about noon, she came down Eighth street from the east, and, on arriving at the corner of Washington street, stopped for a few minutes, talking with the other girl. Before mounting her wheel again, she looked up and down Washington street, and saw a car standing still at the corner of Center street, three blocks away. She did not look for it again, but seems to have had her attention attracted to a car coming down from the opposite direction, on the easternmost track. She waited a little for this car to pass, and then mounted her wheel to go home across the tracks. She did not see any other car at that time, nor hear the bell of any other. She seems to

have had her attention fixed on this (north-bound) car, and to have been very careful to keep out of its way, and, as soon as it had ,passed, started to cross the track, close behind it, on her wheel; and when she had crossed that track and the space between the two tracks, and had just reached the other track, she was struck by a car coming on the other track, from the north, and seriously injured,— so seriously that her recovery was doubtful for a time,— and after recovery there was a permanent disfigurement of the face. She does not know whether the car first struck 'her or her bicycle. Until she was struck, she had no knowledge of the presence of the car that struck her. For her medical, surgical, and other care and attendance, and medical and surgical appliances, made necessary by this injury, the plaintiff expended $241.40, and for the recovery of that amount he brought this suit."

In addition to what is contained in this statement, it should be said that Dora Hine could ride a wheel well; and she testified that, before she got on her wheel, she saw the car standing at Center street; that she crossed behind the car coming from the south, and did not see the car which was at Center street when she started upon her wheel; that she did not look to see if it was coming; that she had forgotten all about it; that if she had thought of it, and looked that way, she would have seen it.

The judge charged the jury as follows:

"*Gentlemen of the Jury:* If this suit was brought for the injury of a mature, adult person, I should take it away from you, and would not submit it for your consideration at all, because the Supreme Court has made certain decisions, one of which is that a man, before he enters upon the track to cross it, must look both ways to see that there is no danger; and a great many others substantially to the same effect. This girl, on her examination here, testifies that she looked to the north as she approached the track, before she started or got upon her wheel, and saw the car standing at the junction of Center and Washington streets. Now, the plaintiff cannot recover in this case, except upon one theory, and that I shall submit to you. If you find that this girl, who was then 9 years of age— You saw her in the court-room, you heard her answer the questions put to her, and you can judge as well as you can as to the condition of her

mind then from what she says now. If this girl, who was
then an infant about 9 years of age, as is testified by
herself and admitted by counsel, was not of that mature
mental development to know and appreciate the various
dangers by this class of rapid transit that there is in this
city, you may consider the matter further. If you think
that she was bright enough, and well enough informed
upon that subject, so that she knew substantially what
everybody or older people know about it, you will find a
verdict for the defendant. If she was not so maturely
developed that she knew what mature people do under-
stand in regard to such dangers, then you may consider
the matter further, because, while the Supreme Court has
decided just as I told you about the duty of a full-grown
man or an adult person as to observation and care in
crossing these dangerous tracks, it has decided right the
reverse in a case where a boy 8 years old was the
plaintiff, and said that the question of the maturity of his
mind was a question for the jury to determine. They
have drawn no exact line as to when the mind generally
or always is supposed to mature.

"At the common law, a witness could not be sworn in a
court who was under 10 years of age; but that rule was
long ago abolished. You may consider that question
first of all, because, if you find her *mind reasonably
mature*, there is nothing further to inquire about. But,
on the contrary, if you find that her mind is, like the
mind of a great many children, not fully matured, not
competent to judge the dangers and of the duties while
on the street in dangerous places; if you find that she was
not sufficiently matured to be responsible like a grown
person,—then the question comes up of carelessness.
There can be nobody liable unless there is carelessness or
negligence. Now, you have heard the evidence in the
case. You have heard the testimony of the witnesses.
Your recollection of what they testified to, I presume, is
just as good as mine, and it is needless for me to repeat
their testimony to you; but you may consider all the tes-
timony, and the evidence of every witness. You may
consider their relations, the interest they take, having
been concerned in this accident. You may consider any
interest you think exists because of their employment by
the defendant. But treat the testimony of everybody
fairly, and weigh it honestly; and if you find that the
defendant or its employés were guilty of negligence or
carelessness, and so partly the cause of this accident, you

may find a verdict for the plaintiff. The effect of the tender age of this child simply dispenses with the rule of what we call 'contributory negligence,' that exists in the case of a mature person. If a mature person contributes by any carelessness or negligence on his part, whereby an accident occurs, then he cannot recover; but where the plaintiff, as I said, is an immature person, that condition of affairs dispenses with the effect of contributory negligence, or contributing to the accident by other negligence.

"*Mr. Lyon:* Is there any question on the burden of proof?

"*The Court:* No; not anything to charge on.

"*Mr. Weadock:* I ask the court to instruct the jury on the question of the burden of proof, the weight of evidence, and also as to what would amount to negligence on the part of the defendant in this case.

"*The Court:* I don't think I will add anything to the charge. I have looked over the requests, and have refused them all.

"*Mr. Lyon:* There is no objection on the question of burden of proof, except that we desire the jury should be instructed that any evidence in the case, whether given by the plaintiff or defendant—

"*The Court:* The jury understand that. One thing further: There is no contest, as I understand, as to the amount due in case there is any recovery?

"*Mr. Weadock:* No; I have not paid any attention to that.

"*The Court:* In case there is any recovery, if you find for the plaintiff, you will find a verdict of $294.47. If you find for defendant, it is simply no cause of action."

The jury returned a verdict in favor of defendant. Plaintiff appeals.

Some testimony was introduced in relation to the right of the defendant company to use electricity as a motive power in operating its car. The testimony was stricken out. It is urged upon the part of the plaintiff that the company had no right to use electricity, and therefore it is liable to the plaintiff in this action. We do not think this question can be raised in this proceeding. The fact was made to appear that the company did operate its cars by electricity, and for the purpose of this case the trial

must proceed as though it had the right to do so. If the street-railway company is operating its road contrary to the terms of its franchise, the question could undoubtedly be raised by the city in a proper proceeding, but we do not think the question is involved in this issue.

Complaint is made of that portion of the charge where the court said that, if the suit was brought for the injury of an adult person, he should take it away from the jury. We do not think this statement was objectionable. It appeared from the testimony of the girl herself that she knew, before she got on her wheel to cross the track, that the car coming from the north was standing at Center street; that she passed behind the car which came from the south, without looking to see what had become of the car which was coming south; and that she could have seen it if she had looked. If an adult had done what this girl testified she did, he would have been guilty of such negligence that it would have been the duty of the court to take the case from the jury, and no injustice was done in so stating to the jury.

Complaint is also made of the sentence, "You may consider that question first of all, because, if you find her mind reasonably mature, there is nothing further to inquire about." Counsel says:

"What is meant by 'reasonably mature?' Does it call for such maturity as may be reasonably expected at that age, or such maturity as a person of full age might reasonably be expected to exhibit? The degree of maturity that would make it proper at that age to charge her with the responsibility of an adult would be unreasonable, unnatural, out of the ordinary course of nature, and there is no evidence of its existence."

We think, if this sentence is taken in connection with the rest of the charge, it is not misleading; and, taking the entire charge upon this branch of the case, it was not unjust to the plaintiff.

Counsel for plaintiff says, "We think the court should have allowed Mr. Lyon to state his request, as he at-

tempted to do at about the close of the charge, for a more full instruction." . We do not approve of a trial judge being quite so arbitrary in the trial of causes as the record shows the trial judge was in this case. The lawyers are officers of the court. They are aids in the administration of justice, and when they are entirely courteous, as the record shows they were in this case, they ought to be heard, so that their position may be understood. But a reference to the record shows that Mr. Weadock had asked the court to instruct the jury in relation to features of the case about which he was entitled to an instruction, that the judge had refused to grant his request, and that Mr. Lyon was proceeding to say that he had no objection to granting Mr. Weadock's request, when he was interrupted by the court. The prejudice done to the case by this action of the circuit judge, if the case was prejudiced, was one done to the defendant, and not to the plaintiff We do not think there is reversible error.

Judgment is affirmed.

The other Justices concurred.