DOHERTY v. DETROIT CITIZENS' STREET-RAILWAY CO.

STREET RAILWAYS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

A pedestrian is, as a matter of law, guilty of contributory negligence, precluding a recovery for injuries received from being struck by a street car, where, after looking up and down the track when distant therefrom some 12 feet, and failing, because his view was obstructed by a covered wagon standing backed up to the curb, to see the approaching car, which would have been visible to him had he looked again when within two or three feet of the track, he proceeded directly in front of such car. MOORE and MONTGOMERY, JJ., dissenting.

| | |
|---|---|
| . 118 | 209 |
| 123 | 598 |
| 123 | 695 |
| 118 | 209 |
| h128 | 152 |
| 118 | 209 |
| s76NW | 377 |
| s80NW | 36 |
| 129 | 466 |
| 118 | 209 |
| s76NW | 377 |
| 130 | 657 |
| 118 | 209 |
| s76NW | 377 |
| j131 | 623 |
| 118 | 209 |
| 135 | 86 |
| 118 | 209 |
| j145 | 17 |
| 118 | 209 |
| 147 | 538 |

Error to Wayne; Lillibridge, J. Submitted June 8, 1898. Decided September 27, 1898. Rehearing granted April 18, 1899. Reargued June 6, 1899. Former opinion approved September 19, 1899.

Case by John Doherty against the Detroit Citizens' Street-Railway Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Charles R. Whitman*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

HOOKER, J. The question in this case is whether the plaintiff was guilty of contributory negligence. The

118 MICH.—14.

proof conclusively shows that he walked upon a track of a street railway, and was almost instantly struck by the car. The most favorable view of the evidence is that he started to cross the street, and, at a distance of 12 feet or thereabouts from the track, looked to see if a car was coming, and saw none, but did see a covered grocery wagon and horse between him and the approaching car. He did not look again, but walked directly to and upon the track. The grocery wagon was not upon the track, and, when the car passed it, the wagon must have been sufficiently far from the track to permit the car to pass. Hence, when the plaintiff was within two or three feet of the track, he must have had an unobstructed view of the track, and the approaching car must then have been visible to him had he looked towards it. In the case of *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507), it was held that it was not sufficient for a man to look when 15 feet from the track, but that it was his duty to look again before stepping upon the track. This was the rule laid down as to steam roads in the case of *Houghton* v. *Railway Co.*, 99 Mich. 308. If, as contended, the plaintiff's view was obstructed by the wagon, that was a reason for greater caution. We are unable to distinguish this case from the *McGee Case*, and are of the opinion that it should be, and it is therefore, affirmed.

GRANT, C. J., and LONG, J., concurred with HOOKER, J.

MOORE, J. (*dissenting*). Plaintiff sued defendant to recover for injuries sustained by him while attempting to cross the tracks of the defendant company on Michigan avenue, at the intersection of Wabash avenue. The circuit judge directed a verdict in favor of defendant. Plaintiff appeals.

In directing a verdict, the circuit judge used this language:

" The plaintiff started from the north curb of Michigan avenue across the track. Before leaving the curb, he says

that he listened and looked both ways for an approaching car, but saw and heard none, and that he did not look again. He passed, drawing his wheelbarrow after him, in front of the approaching team, and, without looking again, attempted to cross the north track, when he was struck by the defendant's car coming from the east, and was injured."

It was the opinion of the circuit judge that the plaintiff was guilty of contributory negligence, and that the case was governed by *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507). Counsel for defendant also cite, in favor of this ruling, *Houghton* v. *Railway Co.*, 99 Mich. 308; *Hine* v. *Railway Co.*, 115 Mich. 204; *Henderson* v. *Railway Co.*, 116 Mich. 368.

We think the circuit judge overlooked some of the plaintiff's testimony. It was his claim that he came from the north, on the west side of Wabash avenue, to Michigan avenue; that, looking east from Michigan avenue, his view was obstructed by a team which was coming from the east, which team was on the north side of the street-railway tracks, and also by a grocer's wagon, still farther east, which was backed up to the curb, the horse's head reaching towards the railway tracks. The record shows that from the curb to the rail was 16 feet. The plaintiff testified he intended to cross Michigan avenue at the crossing designed for foot passengers.

"When I arrived at that crossing, I looked west to see if there was any car. A car had just gone by from the west, down to the city, and I stood and looked east and west, and could not see a car coming from the east. I saw a car going east, on the south track, which went east before I passed. In the west I could not see a car. Looking to the east, I saw a team of horses and a covered grocery wagon. * * * Besides the team and sleigh, I saw a grocery wagon standing between the butcher shop belonging to Slitts, on the east and north corner,—the northeast corner. That faces on Michigan avenue. The wagon was backed up to the curb, and the horse was standing out towards the street-car track. The wagon was like a grocery wagon. It had a top to it. As I was

looking, I listened for another car.  I stood on the curb-stone.  I did not hear any alarm of any kind.  When I did not see any car coming, I undertook to go across, and then the car came right onto me.  *  *  *  When I saw the car, I was very near the track,—right near the track.  *  *  *  The car was going west from the east, and no bell or alarm was sounded from that car before I saw the car.  When I first saw the car, I should say I was just about onto or very near the track.  The first moment I saw the car, I dropped the wheelbarrow, and jumped back from where I saw the car.  *  *  *  When I first saw the car, it was about five or six feet from me."

On the cross-examination he testified:

" When I looked up and down the track of the street, it was about three o'clock in the afternoon.  I was then about four feet from the curb on the street on Michigan avenue, when I looked both up and down.  Looking down, I could not see, for a team of horses was there.  *  *  *

"*Q.*  Then, when you were three feet from the track, and the horses were 15 feet back of you, what was there, if anything, to prevent you from seeing down the track?

"*A.*  The team of horses and the grocery wagon.  *  *  *

"*Q.*  If you came within three feet of that track, and the team of horses were 15 feet east of you, what was there to prevent you seeing the track or the car?

"*A.*  The team of horses and the grocery wagon.  The team was on the street, and I could not see the car.  *  *  *

"*Q.*  And, when you got within three feet of the track, why could you not see?

"*A.*  The team of horses, and the grocery wagon was backed up; the grocery wagon and horse extended out on the street-car line or track."

This testimony shows, affirmatively, that plaintiff, after starting across the street, and when four feet from the curb, looked both up and down the street, and it is a fair inference from the other testimony that he looked when near the track, and could not see because of the team of horses and the grocery wagon.  The testimony of the motorman was to the effect that he did not see plaintiff until within five or six feet of him, when it was too late to avoid hitting him.  There was testimony tending to show that the car was running much faster than 15

miles an hour, and that the gong was not rung until just about the time the plaintiff was struck.    The facts do not bring this case within any of the cases cited by counsel. The question of contributory negligence was not so free from doubt as to justify the court in taking it from the jury.    *Detroit, etc., R. Co.* v. *Van Steinburg,* 17 Mich. 99; *Teipel* v. *Hilsendegen,* 44 Mich. 461; *Guggenheim* v. *Railway Co.,* 66 Mich. 150; *Willet* v. *Railroad Co.,* 114 Mich. 411.

Judgment should be reversed, and new trial ordered.

MONTGOMERY, J., concurred with MOORE, J.

### ON REHEARING.

HOOKER, J.    The evidence in this case clearly shows that, had the plaintiff taken the trouble to look as he approached the track, he must have seen the car that struck him, in time to have avoided it.    It is a logical and necessary deduction from the established facts in the case, and, being so, the court properly directed a verdict for the defendant.

Our former judgment, and that of the learned circuit judge, are therefore affirmed.

GRANT, C. J., and LONG, J., concurred with HOOKER, J.

MOORE and MONTGOMERY, JJ. (*dissenting*).    For the reasons stated when the case was heard before, we think the case should be reversed.