McCARTHY *v.* DETROIT CITIZENS' STREET RAILWAY CO.

STREET RAILWAYS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

A person of mature years, familiar with the situation at a street-railway crossing, who went behind a passing car and upon a parallel track, where she was struck by a car approaching from the opposite direction, was guilty of contributory negligence, where the tracks were five feet apart, and there was no obstacle preventing her from seeing the car which caused the injury, had she looked for it after the first car had passed.

Error to Wayne; Donovan, J. Submitted April 5, 1899. Decided June 19, 1899.

Case by Lizzie McCarthy against the Detroit Citizens' Street Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff (then 26 years old), on March 20, 1896, about 6 o'clock p. m., was going home from her place of business, in the city of Detroit. She went west on Michigan avenue as far as the east side of Wayne street, at which point she contemplated crossing to the north side of Michigan avenue. Defendant has double tracks on Michigan avenue; the north track being used for cars running westerly, and the south track for cars running easterly. There is a space of 5 feet between the north and south tracks, and 15 feet from the curb to the south rail of the south track. From the curb one may see down the street in an easterly direction three blocks. As plaintiff started from the curb, there was a car on the south track going east, and she waited for it to pass, standing about 6 feet from the car. At the same time there was a car on the north track going west. After the south car passed, she attempted to cross, and was struck by the west-bound car.

Plaintiff did not see the car going west, although she claims to have looked, until she was between the rails of the north track.   She then attempted to step back, but could not get out of the way before the car struck and injured her.   She testified that no gong was sounded on the west-bound car, although gongs were sounding, as her other witnesses testified.   There was another car coming on the south track, half a block away.   At the time there were no vehicles or obstructions between the cars so as to obstruct the view.   The car that struck plaintiff was going from 6 to 8 miles an hour,—the speed allowed by the city ordinance.   Defendant moved the court to direct a verdict for defendant.   The court submitted the case to the jury, who rendered a verdict for plaintiff.

*Brennan, Donnelly & Van De Mark,* for appellant.

*William Look* and *Ira G. Humphrey,* for appellee.

Grant, C. J. (*after stating the facts*).   For about a year plaintiff had crossed the street at this place, and at the same time of the day, when cars were running frequently.   She was therefore entirely familiar with the situation, and the danger incident to the place, and the necessity of care upon her part.   She stood about 6 feet from the track till the east-bound car had passed.   Can it be doubted that the moment she had crossed that track and entered upon the place between, at which time she was about 5 feet from the other track, she could have seen the approaching car, had she looked?   If this be so, how can it be said that she had performed the duty which she owed to herself,—to look before advancing upon the other track?   It is evident that she did not look until she had stepped upon the track where the car was approaching.   She had walked about 15 feet without looking.   The car approaching on the south track was too far away to give her any apprehension.   She had only to glance to the right as she advanced after the car on the south track

moved away from her, and she would have seen the car approaching. This case cannot be distinguished from *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507); *Henderson* v. *Railway Co.*, 116 Mich. 368; *Borschall* v. *Detroit Railway*, 115 Mich. 473.

Judgment reversed, and new trial ordered.

The other Justices concurred.