BALDWIN v. BAKER.

PAYMENT—LEGAL TENDER—SILVER DOLLARS—STARE DECISIS.
   The questions affecting the constitutionality of the provision of
   the act of Congress of February 28, 1878, known as the "Bland-
   Allison Act," making the silver dollar of 412.5 grains full
   legal tender, were conclusively determined by the United
   States Supreme Court in the "Legal Tender Cases," and are
   not open for review in the State courts.

Appeal from Oakland; Smith, J. Submitted May 9, 1899. Decided September 19, 1899.

Bill by Stephen Baldwin against Fred A. Baker to compel the discharge of a mortgage. From a decree for complainant, defendant appeals. Affirmed.

The following are the allegations of the bill of complaint: Complainant purchased the land described in the bill of complaint, subject to a mortgage owned by defendant. December 13, 1897, there was due upon said mortgage $364. Complainant tendered this amount to said defendant in 364 silver coins of the United States of the denomination of one dollar, all bearing date after the year 1878. Baker refused the tender, basing his refusal upon the unconstitutionality of Act Cong. Feb. 28, 1878, commonly known as the "Bland-Allison Act." Complainant at the same time requested defendant to execute a discharge of the mortgage, which defendant refused. The bill prays that such tender may be declared good and sufficient in law, and that defendant be required to execute and deliver a discharge of the mortgage. The answer admits all the facts set up in the bill, but assails the act of Congress in question as unconstitutional.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for complainant.

*Albert B. Hall* (*Fred A. Baker*, of counsel), for defendant.

GRANT, C. J. (*after stating the facts*).    The sole question presented is whether the act in question, making the silver dollar of 412.5 grains troy of standard silver a full legal tender for all debts and dues, public and private, is constitutional.    The learned counsel for the defendant have filed an elaborate brief upon the question, discussing the history of coinage in this country, and the various acts of Congress upon the subject.    Did we not regard the question as foreclosed by the decisions of the Supreme Court of the United States, we should be compelled to enter upon a studious and laborious examination of the subject.    We are, however, of the opinion that that court, in the so-called ''Legal Tender Cases,'' has placed the question beyond discussion in other courts.    *Knox* v. *Lee*, 12 Wall. 457; *Juilliard* v. *Greenman*, 110 U. S. 444. Counsel argue that what was said in those cases affecting the questions they now raise was *obiter dicta*, and therefore not binding.    We are of the opinion that the court in those cases fully covered the question.    The language is clear and unmistakable.    It appears conceded that it covers the question unless it is *dictum*.    We must regard such holding as the deliberate and authoritative enunciation by the court of the law.    We therefore decline to enter upon a discussion of the question, because, in our opinion, it is *stare decisis*.    See *Knox* v. *Lee*, 12 Wall. 551–553.    This case was subsequently approved by the nearly unanimous opinion of the same court in *Juilliard* v. *Greenman*, 110 U. S. 438, only one justice dissenting.
   Decree affirmed, with costs.

The other Justices concurred.