RYAN *v.* DETROIT CITIZENS' STREET-RAILWAY CO.

STREET RAILWAYS — COLLISION WITH DRIVER — SPEED OF CAR — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

> Where it appeared, in an action against a street-railway company for injuries received in a collision with a trolley car, that the car could have been seen for a distance of two blocks from the place of the accident, and that plaintiff, according to his testimony, looked in its direction, to a point 75 or 80 feet distant, before attempting to drive across the tracks, and saw no car, but, before he could get across, was struck and injured by the car, which was going at a high rate of speed, it was error to direct a verdict for defendant on the ground that plaintiff's contributory negligence was established as a matter of law; the question of negligence and contributory negligence under such testimony being for the jury. LONG, J., dissenting.

| 123 | 597 |
|---|---|
| f124 | 583 |
| 123 | 597 |
| d128 | 374 |
| 123 | 597 |
| s82NW | 278 |
| 129 | 484 |
| 123 | 597 |
| s82NW | 278 |
| j131 | 298 |
| j131 | 299 |
| 123 | 597 |
| 135 | 87 |
| 123 | 597 |
| 136 | 227 |
| 123 | 597 |
| f143 | 457 |
| 144 | 28 |
| 123 | 597 |
| f145 | 18 |
| 123 | 597 |
| 147 | 539 |
| 123 | 597 |
| f155 | 21 |
| 123 | 597 |
| 156 | 256 |

Error to Wayne; Donovan, J.   Submitted January 31, 1900.   Decided April 3, 1900.

Case by Michael Ryan against the Detroit Citizens' Street-Railway Company for personal injuries.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*George X. M. Collier* and *Frank C. Moriarty*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

HOOKER, J.   The trial court directed a verdict for the defendant.   We must therefore examine the record, to ascertain whether the case presented a question that should have been submitted to the jury.   The action was for negligence, whereby defendant's car collided· with the plaintiff's vehicle, to his injury.   The statement of facts, as given by the appellee, is that the plaintiff, an old man, was driving a horse and buggy west on the north side of

Jefferson avenue, in Detroit. There is a double track for a street railway on this avenue, upon which trolley cars are run. When plaintiff reached First street, he attempted to cross the street-car track, and was struck by the car. There was testimony that, standing at the intersection of First street, one can see a car from one to five blocks, according to the testimony of different witnesses. It is claimed, therefore, that the plaintiff was conclusively shown to have been guilty of contributory negligence. The plaintiff testified that he looked up to the point of the hill, about 75 or 80 feet, and saw no car, and thought that was far enough to look to make the attempt to cross safe. Counsel for the appellee cite four cases which are said to support their contention. They are *Fritz* v. *Railway Co.*, 105 Mich. 50 (62 N. W. 1007); *Borschall* v. *Detroit Railway*, 115 Mich. 473 (73 N. W. 551); *Doherty* v. *Railway Co.*, 118 Mich. 209, 213 (76 N. W. 377, 80 N. W. 36); *McCarthy* v. *Railway Co.*, 120 Mich. 400 (79 N. W. 631). Of these, some are cases where pedestrians walked upon a track, immediately in front of a car, under circumstances which made it impossible for them to have looked in the direction from which the car was coming, immediately before stepping upon the track, without seeing the danger. Such were the cases of *Doherty* v. *Railway Co.* and *McCarthy* v. *Railway Co.* In the case of *Fritz* v. *Railway Co.*, the plaintiff, a milk vender, was driving along a street, and turned abruptly across the track, without looking to see whether it was safe or not, which he could not do, as the wagon was so covered as to prevent: In the *Borschall Case*, the driver looked both ways, and saw a car coming from the south, but saw none coming from the north. He backed out of the way of the north-bound car, and, as soon as it passed, drove on the track. It was held that, had he looked after the car passed, he must have seen the danger.

We have said that street railways have ordinarily the right of way over vehicles, and that the driver owes the duty of looking before going upon the track. But both

have rights upon all parts of the highway, and a driver is not obliged to wait until all cars in sight pass before attempting to cross. If he were, his progress would be slow. There is testimony in the case that the whole car could have been seen from the place where the accident occurred when it reached the top of the hill, which was two blocks away. The plaintiff stated that he looked to the point of the hill, and saw no car, and thought he could get across. He estimated the distance at 75 or 80 feet; others make it more. It was held in the case of *Garrity* v. *Railway Co.*, 112 Mich. 369 (70 N. W. 1018, 37 L. R. A. 529), that, when the circumstances are such that a driver may reasonably think that he has time to cross, it is not negligent to attempt it; and while, as we have seen, there are cases where it is conclusively shown that the attempt was necessarily negligent, there are others where the question is for the jury. It is unnecessary to repeat what is said in the *Garrity Case*, and sufficient to say that this case is within the rule there stated, and that it should have been left to the jury upon the questions of negligence and contributory negligence.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., and MOORE, J., concurred with HOOKER, J.

GRANT, J. (*concurring*). There was testimony that the car was running down this hill at a speed of 30 miles an hour. I do not think the evidence conclusively shows that plaintiff was from 15 to 20 feet only from the car when he attempted to cross. If this were so, he would clearly have been guilty of contributory negligence. He had got nearly across the track, when the hind wheel of his buggy was struck. There was testimony that the car was more than 100 feet away when plaintiff started to cross. I think it was for the jury to determine the speed of the car, its distance from plaintiff when he turned to cross, and the negligence of defendant and contributory negligence of

plaintiff.    I think the case is ruled by the *Garrity Case,* and should be reversed.

Long, J. (*dissenting*).    I am unable to agree with my Brother Hooker in this case.    The plaintiff testified that he looked up the track some 75 or 80 feet, towards the east, before crossing; that he saw no car coming; that he then turned, and went across the tracks, and the first thing he knew he was struck.    It is evident from this testimony that he did not look, or, if he did, that he took the chances of going across the tracks in front of the car. The car must have been very close upon him when he attempted to cross, and, in my opinion, his attempt to cross, under such circumstances, would constitute such contributory negligence that he could not recover.    It is true, as stated by my Brother Hooker, that a driver is not obliged to wait until all the cars in sight pass him before he attempts to cross a track, but I think that, when a driver sees a car approaching as rapidly as this one must have been approaching, it is contributory negligence for him to attempt to go across the track.    Some caution is due from the driver of the team to the people on the car. These cars are permitted to run in the city of Detroit at a great rate of speed.    A driver seeing a car coming at great speed might well apprehend that the motorman could not stop his car within the distance of 15 or 20 feet, and that, if he attempted to cross, it would be at the risk of being struck and injured.    The testimony given by plaintiff's witnesses shows that the car in question was going at great speed, and if the plaintiff had looked, as he claims he did, he must have discovered the fact that the car was very close to him, and that there was imminent danger of a collision if he attempted to cross.    It may be said in this case, as it was in *Borschall* v. *Detroit Railway,* 115 Mich. 473 ( 73 N. W. 551), that, "had he looked before entering upon the track, he must have seen the car approaching."    In that case the driver was adjudged by the court guilty of contributory negligence.    In

the case of *Garrity* v. *Railway Co.*, 112 Mich. 369 ( 70
N. W. 1018, 37 L. R. A. 529 ), it was expressly stated :
"We cannot say that the car was nearer than 150 feet, or
that it could not have been readily stopped in time to
avoid the collision." Here the undisputed testimony given
by the plaintiff's own witnesses shows that the car was
from 15 to 20 feet only from the plaintiff when he at-
tempted to cross, and was passing at a great rate of speed,
and could not have been stopped within that distance.

I think the court below very properly directed the ver-
dict in favor of defendant, and the judgment should be
affirmed.