123　692
128　374
123　692
s82NW 518
123　692
s82NW 518
j131　623
123　692
f136　287

BENNETT v. DETROIT CITIZENS' STREET-RAILWAY CO.

STREET RAILWAYS—ACCIDENT TO BICYCLIST—CONTRIBUTORY NEGLIGENCE.

Where a bicyclist, before attempting to cross a street-railway track, heard a noise which he thought was caused by a car coming from the east, and, after looking in that direction and seeing no car, rode upon the track without further precautions, and was struck and injured by a car coming from the west, which car he might have seen, had he looked, at a distance of 28 feet from the track, he was guilty of contributory negligence, precluding him from recovering from the rail way company on the ground of negligence on the part of those in control of the car.

Error to Wayne; Hosmer, J. Submitted April 6, 1900. Decided April 24, 1900.

Case by Grant S. Bennett against the Detroit Citizens' Street-Railway Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

Plaintiff, while crossing the tracks of defendant's railway on Congress street on his bicycle, was struck by a car and injured. Congress street runs easterly from Woodward avenue, and on it the defendant maintains a double-track electric railway. Larned street is the first street south of Congress, and runs parallel with it. Randolph street is the second street easterly of Woodward avenue, runs parallel with Woodward, and crosses Congress and Larned streets at right angles. Bates street is the first street easterly of Woodward avenue, and runs parallel with Woodward and Randolph. The plaintiff, on the 13th of October, 1897, at about half past 6 in the evening, when it was just getting dark, left the Auditorium, which is on the northerly side of Larned street, in

the block between Randolph and Bates, and went easterly to the corner of Randolph, and turned north on Randolph street. The distance from Larned to Congress on Randolph is about 200 feet. He was an expert rider. He proceeded northerly upon Randolph street, and, when about 60 feet from Congress, turned out to avoid a farmer's wagon, and then swung up towards the easterly curb on Randolph. He was thoroughly familiar with the crossing at Congress and Randolph. He had been there a good many times. The block from Randolph to Bates, on Congress street, on the south side of the street, is entirely built up, and the distance from the building line to the track is 28 feet. When plaintiff got to the building line, he could have seen a car coming from the west on Congress, if he had looked. If there were people on the sidewalk, they would not have obstructed his view of an approaching car. The plaintiff proceeded along on his wheel, going at a four or six mile gait, and went upon the track without looking to the west, on Congress street, after he got to a point where he could see up the street, and was struck by the car coming from the west. His testimony as to speed is not satisfactory. In his declaration he asserts that his speed was four miles an hour. In his direct testimony he said nothing about his speed. On his cross-examination he first testified that he thought his speed was four miles per hour, and afterwards thought it was about six. He was right on the track when he first saw the car, which was at the time not more than 5 or 6 feet from him. When plaintiff looked to the west for a car is left a little in doubt by his testimony. At one time he states he was 30 or 40 feet from the track the last time he looked. Even at this distance he would still be in the rear of the building line. But on his re-direct examination he states that the last time he looked towards Woodward avenue he was probably 10 or 12 feet beyond the farmer's wagon. As this wagon was 60 feet from the corner of Congress street, and as the track is 28 feet farther from the corner, he was, under this statement, 70

or 80 feet from the track the last time he looked for an approaching car from the west, and 40 or 50 feet in the rear of the building line. It is clear, however, that from the time he got to the building line, about 28 feet from the track, up to the time he got on the track and was struck by the car, he did not look in a westerly direction for the car.

As to the speed of the car, the plaintiff's testimony leaves considerable doubt. When first asked by his counsel what the speed was, he answered that he could not say, and, being pressed to give some "little idea of it," he replied, "Well, judging from what I see on Woodward avenue, I should judge they were running 15 or 20 miles an hour." The negligence charged is excessive speed and failure to ring the gong.

The court held that plaintiff was guilty of contributory negligence.

*Moore & Moore*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

GRANT, J. (*after stating the facts*). Plaintiff attempts to excuse his failure to look to the west by saying that he "heard a noise seemingly coming from the right. I thought the noise indicated that a street car was coming from the east." He knew that cars were liable to come from either direction at any moment. A glance, occupying scarcely a second, at a distance of 28 feet from the track, would have shown him the car, and given him ample time either to dismount or to turn his wheel in safety. He testified that he could turn in safety in 6 to 8 feet. He had 16 feet from the curb, and 28 feet from the building line. He was in fact on the track before he saw the car, when it was only 5 to 6 feet distant. It is a matter of common knowledge that waves of sound are diverted when striking buildings, and in approaching tracks situated as these were, therefore, one could not tell with certainty from which direction a car was approach-

ing until he passed the line of the buildings. In fact, there was no car coming from the east, and it is not improbable that the noise he heard was that of this car. It was his duty to look both ways, and there is no sufficient reason shown why he did not. *McGee* v. *Railway Co.,* 102 Mich. 107 (60 N. W. 293, 26 L. R. A. 300, 47 Am. St. Rep. 507); *Hine* v. *Railway Co.,* 115 Mich. 204 (73 N. W. 116); *Doherty* v. *Railway Co.,* 118 Mich. 209 (76 N. W. 377); *McCarthy* v. *Railway Co.,* 120 Mich. 400 (79 N. W. 631); *Lau* v. *Railroad Co.,* 120 Mich. 115 (79 N. W. 13).

Judgment affirmed.

The other Justices concurred.