135   545
139   ³255

## ROUSE *v.* DETROIT ELECTRIC RAILWAY.

1. STREET RAILWAYS — COLLISIONS WITH VEHICLES — RIGHT OF WAY — INSTRUCTIONS.

   On the trial of an action against an electric-railway company to recover damages for injuries to plaintiff's intestate, caused by a collision with a car, it appearing that, at the time of the accident, the wagon in which deceased was riding was being

driven in the beaten part of the highway alongside of the track, and that the car was moving in the same direction, it was error to instruct the jury that the car had the right of way upon the track, and that the motorman had the right to assume that the track was clear, and to propel the car at the extreme rate permitted by law.

2. SAME—CONTRIBUTORY NEGLIGENCE—LOOKING AND LISTENING. It was not proper to instruct the jury that railway tracks are places of danger, and one who goes upon them without looking and listening for cars does so at his peril, as such instruction was not applicable to the facts of the case.

3. SAME—QUESTION FOR JURY. Failure of persons driving on street-railway tracks to look and listen with sufficient diligence to avoid a collision with a car approaching from behind does not constitute contributory negligence as a matter of law.

Error to Wayne; Donovan, J. Submitted October 22, 1903. (Docket No. 115.) Decided February 2, 1904. Rehearing denied July 16, 1904.

Case by Sarah Rouse, administratrix of the estate of Henry Rouse, deceased, against the Detroit Electric Railway, for negligent injuries to her intestate, resulting in his death. From a judgment for defendant, plaintiff brings error. Reversed.

*Howard B. Bloomer* (*Alfred Lucking*, of counsel), for appellant.

*Corliss, Andrus, Leete & Joslyn*, for appellee.

MOORE, C. J. This case has been here before, and is reported in 128 Mich. 149 (87 N. W. 68). A reference to the case as there reported will make it unnecessary to make a long statement of facts at this time. Upon the second trial a verdict was rendered in favor of the defendant. The plaintiff brings the case here by appeal. The important assignments of error relate to the charge of the court. The trial judge, among others, gave the following requests:

" The cars of the defendant company have the right of way upon these tracks. Its motorman had the right to assume that no horse and wagon would be upon the right of way, and had the right to operate its car under the assumption that the right of way would be clear, and to propel the car at the rate permitted by law, to wit, 15 miles an hour. * * *

" It is a law in Michigan that railway tracks are places of danger; that one who goes upon them without looking and listening for cars does so at his peril; and, if he enters upon a place of danger carelessly and negligently, then he cannot recover any damages which result from such action. * * *

" If, while the car was running the eight or nine blocks from Woodlawn avenue to the place of the accident, it could have been easily seen by either Garlick or Rouse, by turning their heads, and they did not do so, but drove on without looking while it was approaching, then the plaintiff cannot recover in this action. * * * "

These statements of the law are so at variance with the law of the case as stated by Justice LONG, speaking for the court, when the case was here before, that we think the trial judge must have overlooked that case. The relative rights of travelers upon the streets and highways, and electric cars thereon, have been so frequently before this court recently, that we shall content ourselves with simply citing the cases which we think ought to control in this case: *La Pontney* v. *Cartage Co.*, 116 Mich. 514 (74 N. W. 712); *Manor* v. *Railway Co.*, 118 Mich. 1 (76 N. W. 139); *Mertz* v. *Railway*, 125 Mich. 11 (83 N. W. 1036); *Rouse* v. *Railway*, 128 Mich. 149 (87 N. W. 68); *Tunison* v. *Weadock*, 130 Mich. 141 (89 N. W. 703); *Plant* v. *Heraty*, 131 Mich. 619 (92 N. W. 284); *Westphal* v. *Railway Co.*, 134 Mich. 239 (96 N. W. 19); *Chauvin* v. *Railway*, *ante*, 85 (97 N. W. 160).

Judgment is reversed, and new trial ordered.

The other Justices concurred.

ON MOTION FOR REHEARING.

PER CURIAM. We decided this case on the 2d of last

February. The decision is reported above. Defendant asks for a rehearing on the ground that we erred in reversing the case because the trial judge charged the jury:

"It is a law in Michigan that railway tracks are places of danger; that one who goes upon them without looking and listening for cars does so at his peril; and, if he enters upon a place of danger carelessly and negligently, then he cannot recover any damages which result from such action."

By this we simply intended to decide that, as applied to this case, that charge was erroneous. Plaintiff's intestate was killed because defendant's street car collided with and overthrew the vehicle in which he was riding. Both the vehicle and the car were going in the same direction. Plaintiff's intestate was driving, not on defendant's track, but in the beaten path in the highway alongside of said track. This beaten path, according to plaintiff's testimony, "in some places went right up to the street-car track, and some places a little farther away. But at this particular place [the place of injury] it was just 12 inches from the railway track to the wagon track." The effect of the charge of the trial court now under consideration was to inform the jury that, if plaintiff's intestate, in traveling this beaten track, failed to look and listen before he brought his vehicle within the path of the approaching car, he did so at his peril. By our former opinion we intended to assert, and do now assert, that this charge was erroneous, and prejudicial to plaintiff. See *Tunison* v. *Weadock*, 130 Mich. 141 (89 N. W. 703).

The jury, in answer to a special question, found that plaintiff's intestate did not keep a careful lookout for the car. It is contended that we are bound to conclude from this answer that plaintiff's intestate was guilty of contributory negligence. The answer to this contention is that it is to be presumed that the jury tested the conduct of plaintiff's intestate by the erroneous standard of care which the court in his charge told them he must exercise.

Petition for a rehearing is denied.