LA PONTNEY *v.* SHEDDEN CARTAGE CO.

CONTRIBUTORY NEGLIGENCE — ELECTRIC CARS — COLLISION WITH VEHICLE.

> A motorman who runs an electric car, upon a foggy morning, at a rate of speed which does not permit of its being stopped in time to avoid collision with a vehicle after the same becomes discernible upon the track ahead, is guilty of contributory negligence.

Error to Wayne; Lillibridge, J. Submitted February 5, 1898. Decided March 29, 1898.

Case by Joseph La Pontney against the Shedden Cartage Company, Limited, for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*L. C. Stanley* (*Geer & Williams*, of counsel), for appellant.

*Edwin F. Conely* and *Orla B. Taylor*, for appellee.

MONTGOMERY, J. The plaintiff brought an action for negligent injury, and recovered a verdict and judgment. Defendant brings error.

The testimony offered at the trial tended to show that the plaintiff was at the time of the injury a motorman on one of the cars of the Citizens' Street Railway. Defendant company is engaged in the business of trucking. On

the 6th of September, 1895, at 4:05 a. m., defendant's employés were engaged in trucking a "merry-go-round" from one part of the city to another. This "merry-go-round" was 8 to 12 feet high, about 40 feet across, and covered with canvas. The defendant's driver, in moving this machine, proceeded along Gratiot avenue, upon which street is located a track of the street railway. The plaintiff was running a motor car on this street, and at the time stated there occurred a collision between the front portion of the car and the rear of defendant's truck, in which collision plaintiff was injured. The testimony tended to show that there was some fog that morning, and plaintiff testified that the headlight did not throw a light more than 20 feet ahead of the car. The defendant's servants did not have a light on the rear of the vehicle to give warning.

We need discuss but a single question in the case, as we are all agreed that the plaintiff was himself guilty of such contributory negligence as precludes recovery. He knew it was entirely proper for drivers of vehicles less easy to be discovered than that driven by defendant's agent to be traveling the highway ahead of him, and that he owed a duty to such occupants of the street, as well as to himself, to use care to avoid a collision. Plaintiff testified that he did not ring the gong while running the last 657 feet before the collision, and did not see the vehicle until within 20 feet of it, and that it required 25 feet to stop the car. It was the duty of plaintiff to have the car under such control as to admit of its being stopped after he became able to discern objects on the track, and before a collision with such objects should occur. *Winters* v. *Railway Co.*, 99 Mo. 517 (6 L. R. A. 536, 17 Am. St. Rep. 591); *Mahoney* v. *Railway Co.*, 110 Cal. 471; *Gilmore* v. *Railway Co.*, 153 Pa. St. 31 (34 Am. St. Rep. 682).

The judgment will be reversed, and no new trial ordered.

The other Justices concurred.