### ROBINSON v. LOUISVILLE RY. CO.

(Circuit Court of Appeals, Sixth Circuit. December 17, 1901.)

No. 979.

1. STREET RAILROADS—DUTY OF CARE IN OPERATING CARS—VEHICLES ON TRACK.

The rule that a steam railroad company owes no duty to trespassers on its track, except to use reasonable care to avoid their injury after they are seen, has no application to street railroads which occupy the streets of a city in common with the public, and an electric street railroad company is liable for an injury caused by one of its cars coming into collision with a wagon which was being driven on the track ahead of it, where the motorman, in the exercise of ordinary care, should have seen the wagon in time to stop his car before running into it.[1]

2. EVIDENCE—ADMISSIBILITY OF OPINIONS—SPEED OF STREET CAR.

The speed at which a street car was going at a given time is not a question for expert testimony, but any witness who saw it may state his opinion as to its speed; the weight to be given such opinion being a matter for the jury to determine, in view of his experience and the other facts shown.

3. PLEADING—SUFFICIENCY OF ALLEGATIONS OF PETITION—WAIVER OF OBJECTIONS.

General allegations of negligence in a petition will be held sufficient to authorize the admission of the evidence introduced thereunder, where objection thereto is first made in the appellate court after judgment.

In Error to the Circuit Court of the United States for the District of Kentucky.

The Louisville Railway Company operates a street railroad on Portland avenue, a much-traveled street, in the city of Louisville, where the plaintiff was riding on the back of a heavily loaded wagon, being driven in an easterly direction by one Green, his employer, in the track of the defendant, on

---

[1] Care required of motormen, see note to Stelk v. McNulta, 40 C. C. A. 361.

the evening of September 22, 1899, when an electric car going in the same direction collided with the wagon, throwing the plaintiff to the ground and injuring him. At Twenty-Third street, and within a few feet of where the accident occurred, was an electric street light. The plaintiff saw the approaching car some two blocks away, and gave notice to the driver, who turned his horses out of the track, but before the wagon was clear the car struck it, overturning the wagon and injuring the plaintiff. The motorman testified that the car was not going more than three or four miles an hour, and that it was so dark he did not see the wagon until he was within about 30 feet of it, when he was unable to stop the car before the collision. Witnesses testified that they saw the wagon 125 or 200 feet away, and that there was no obstruction to the view for several blocks. Two witnesses testified that the car was going at a high rate of speed, but the court would not allow them to tell what the speed was, because they were not shown to be experts.

The court instructed the jury that the defendant's negligence, for which a recovery could be had, must be limited to the time after which the motorman discovered the wagon on the track, in the following words: "Now, if you believe from the evidence in the case, from a preponderance of the testimony, that the plaintiff was occupying that track in that wagon, in the way that he has himself described, and that the street car company's servants in operating the car could, after they discovered the wagon upon the track by the use of extraordinary efforts, have stopped the car in time to have prevented the injury, it was the duty of the railroad company to do it. It was the duty of the railroad company, as soon as they saw the wagon, to make every effort a man could fairly make to prevent the collision; so that in that point of view there might have been, though it is for you to say, something done by the street car company which a prudent man would have done; that is to say, the servants of the corporation might not have exerted all of the efforts they could to avoid the accident. * * * If you believe from the evidence that from the negligence of the street car company that the collision occurred, that is, if they could have seen the wagon upon the track far enough ahead to stop, it would have been their duty to do it; but, if you believe from the evidence that the plaintiff in this case saw the car approaching in time to have turned off the track to which he had at that time no right equal to that of the street car company, it was the duty of the plaintiff to have done so. * * * If he were thus knocked down and injured, he is not entitled to recover against the street car company at all, unless, as I said before, after the street car company did, in fact, discover him upon the track, they could, by the use of every effort that was required of them, all that a man could do, reasonably, he would not be entitled to recover, unless, after they did in fact discover him, they failed to exert all the efforts they could to avert the collision. So, I take it, the trouble you will have, if any, in deciding this case, will be as to when the plaintiff saw the approaching car, how far away, and what efforts were made to get the wagon off the track. * * * There must be negligence upon its part before you would be authorized to find any damages for plaintiff, provided you do not think that the injury was not caused or contributed to by the negligence of the plaintiff himself; and unless you think there was negligence after the defendant saw the plaintiff on the track, and that the defendant failed to exercise the care that I have described to prevent the accident, the law is for the defendant. Now, gentlemen, take the case and return a verdict. Counsel for Plaintiff: I should also like the court to instruct the jury that if the motorman saw the car, or could, by the exercise of ordinary care, have seen it— The Court: At what time? Counsel for Plaintiff: At any time while the wagon was there, if he saw the wagon, or could by the exercise of ordinary care have seen it, it was negligence for him to run into it. The Court: I don't think you are entitled to that instruction. Counsel for Plaintiff: You decline to give it? The Court: Yes; in that form. Counsel for Plaintiff: We ask an exception. Then I desire to ask the court to instruct the jury that it was the duty of the defendant to keep a reasonable lookout for obstructions. The Court: Yes; I think it was the duty of the street car approaching Twenty-Third street to sound the gong, and, if it didn't do it, that it was negligence. I think it was its duty to see the obstruction, and,

having seen it, to avoid it if it could. but I do not see any negligence shown by the company at all, unless it was after the company had seen the man on the track. I see no evidence of negligence prior to that time. * * * The defendant is not bound for and the plaintiff is not entitled to any damages, unless after he was actually discovered on the track the motorman could, by the use of the means at his command, have then kept from hurting him. * * * I have said to the jury that I can see no evidence of any negligence on the part of the defendant, unless it was after the plaintiff had discovered the approach of the car."

The jury returned a verdict for the defendant, and the plaintiff brings the case here on writ of error, alleging that the court erred in refusing to allow the two witnesses to testify to the speed at which the car was going, and also in instructing the jury that the defendant's negligence, for which a recovery could be had, must be limited to the time after which the motorman discovered the wagon on the track.

Bennett H. Young and Marion W. Ripy, for plaintiff in error.

Fairleigh, Straus & Eagles (David W. Fairleigh, of counsel), for defendant in error.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement, delivered the opinion of the court.

Taking the instructions as a whole, the jury must have understood that the question of the defendant's negligence should be confined to the time between the discovery of the wagon by the motorman and the collision. The court seems to have applied to the facts of this case the rule governing the liability of a defendant operating a steam railroad for injury to a person upon its right of way where the injury must be willfully inflicted, or caused by negligence so gross as to authorize the inference of willfulness to sustain a recovery. In such a case the company owes no duty to trespassers upon its tracks, and if, after the person is discovered, the engineer does all in his power to avert the accident, negligence cannot be imputed to the railroad company, and the plaintiff could not complain of the instructions here given. There is, however, no analogy between such a case and an injury caused by a street car occupying the streets of a city with pedestrians and teams. The defendant had no exclusive right to the use of the street between its tracks, but only the right to use it in common with the public. As a street car cannot turn out to the right nor to the left, it is the duty of a vehicle in advance of it to get out of the way, and not obstruct the passage, but the driver of the car must use care to prevent collisions. Railway Co. v. Whitcomb, 14 C. C. A. 183, 66 Fed. 915; Hicks v. Railway Co. (Mo.) 25 L. R. A. 508, and cases cited in note (s. c. 27 S. W. 542). It was the duty of the motorman, in exercising the care incumbent on him, to ascertain whether the track ahead was clear, and to have his car under such control as to admit of its being stopped after he saw obstructions ahead of it. La Pontney v. Cartage Co., 116 Mich. 514, 74 N. W. 712, and cases there cited. It follows that if he could, by the exercise of due care, have seen the wagon in which the plaintiff was riding as far as other witnesses testified to have seen it, and if he could, after he should, by the

exercise of due care, have seen it, gotten his car under such control as to have prevented the collision, it was his duty to have done so, and those questions should have been left to the determination of the jury.

The court should have allowed the witnesses to testify to their opinions regarding the rate of speed at which the car was moving. It was not a question for experts. No technical knowledge was required for such an opinion. The experience the witnesses had had in observing the speed of passing objects would go to the weight of the testimony, not to its admissibility. 12 Am. & Eng. Enc. Law (2d Ed.) 488–493, and cases there cited; Railroad Co. v. Van Steinburg, 17 Mich. 99 (Ann. Ed.), and cases cited in note.

The defendant claims that upon consideration of all the testimony the case should have been taken from the jury, and a verdict directed for it, and therefore the errors complained of were not prejudicial to the plaintiff. The only authority cited by counsel for this claim is Railroad Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921, and cases cited in that opinion. Those were cases of steam railroads, and the reasoning has no application to the facts of this case. The distinction is clearly shown in the opinion of Judge Jenkins in Stelk v. McNulta, 40 C. C. A. 357, 99 Fed. 138, and is pointed out above.

The objections made by the defendant to the evidence and instructions, not being admissible under the allegations of the petition, should have been made in the court below when the petition could have been amended to conform to the proofs. In the absence of such objection, the general allegations of negligence in the petition must be held sufficient after judgment.

The errors pointed out make it necessary to reverse the judgment, and order a new trial.