CASE 112—ACTION BY GUS GREENE AGAINST THE LOUISVILLE RY. CO. FOR DAMAGES FOR PERSONAL INJURIES.—FEB. 16.

# Greene v. Louisville Ry. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, L. & E. DIV.—STERLING B. TONEY, JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

STREET RAILROADS—RIGHT TO USE TRACKS—COLLISION WITH VEHICLES —NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

1. Operators of electric street cars must exercise ordinary care commensurate with the circumstances, and keep a lookout ahead of the car, when in a crowded highway, to secure the safety of others using the highway; and while such cars are entitled to the use of their tracks without obstruction, they can no more run down another vehicle by negligence than any other traveler on the highway may do so, although such vehicle may be upon the tracks.

2. While one driving on a street car track can not recover for the consequences of a collision, when his presence on the track could not be discovered by the carmen, in the exercise of ordinary care, in time to avert the collision, yet such a one is not a trespasser on the track, and may anticipate that a proper

Greene v. Louisville Ry. Co.

lookout will be kept by the carmen, and that ordinary care will be exercised to avoid running into him.

3. In an action against a street railway for injuries to a driver of a vehicle, a charge that defendant had the superior, but not the exclusive, right to the use of its tracks, and that plaintiff should have used reasonable diligence, to keep out of the way of defendant's cars, was misleading, and in lieu thereof the court should have charged that plaintiff was lawfully upon the street, and had the right to use any part of it; that defendant was entitled to the use of its tracks for the free passage of its cars; that it was the duty of those in charge of defendant's cars to keep a lookout for persons and vehicles upon the track, and to exercise ordinary care to discover and avoid injuring them, and that it was the duty of plaintiff in using the street to exercise ordinary care for his own safety.

4. Where the court in its charge used the terms "ordinary care," "reasonable diligence," and reasonable care," it should, in an instruction defining ordinary care, have also told the jury that reasonable diligence or reasonable care is ordinary care. '

5. Where the court charged to find for defendant unless defendant could have discovered plaintiff's peril in time to have avoided the injury, a further charge to find for defendant if the motorman exercised ordinary diligence to prevent a collision after he had discovered, or should have discovered plaintiff's vehicle, was unnecessary, and should have been omitted.

6. In an action against a street railroad for injuries to one driving a vehicle, a charge to find for defendant if the motorman exercised ordinary diligence to prevent the collision after he should have discovered such vehicle on the track was an improper limitation on a previous charge to find for plaintiff if he was injured in the manner complained of in his petition, and such injury was caused by defendant's failure to exercise reasonable care, where there was evidence of other grounds of negligence than that stated in the limiting charge.

BENNETT H. YOUNG, ATTORNEY FOR APPELLANT.

1. The following instructions given by the court are not the law in this case and are prejudicial to appellant:

(a) "The court instructs the jury that if the plaintiff was injured in the manner complained in the petition; and that the accident and consequent injury, if any there was, was caused by the failure of the defendant, or defendant's employes, to exercise reasonable and ordinary care in the operation of its car, then the law is for the plaintiff and the jury should so find.

However, the court further instructs the jury that the plain-

tiff was bound to exercise that degree of care and caution for his own safety that a person of ordinary prudence would exercise under the same or similar circumstances; and if the jury believes that the plaintiff did not exercise such a degree of care and caution and the accident was occasioned thereby, then the law is for the defendant and the jury should so find; unless the jury should further find that the defendant did or could have discovered the peril of the plaintiff in time to have avoid the injury to him by the exercise of reasonable diligence."

(b) "The court instructs the jury that the defendant company has the superior, but not the exclusive, right to the use of that portion of the street occupied by defendant's tracks, and that when plaintiff undertook to use that portion of the street, it was his duty to use reasonable diligence to keep out of the way of the defendant's cars using the same track."

2. Instructions Nos. 1 and 2 offered by appellant should have been given by the court.

(1) "The court instructs the jury that it was the duty of those in charge of the car at the time of the collision to have used reasonable care and skill to avoid the injury done to plaintiff and his wagon and team and property; and if the motorman discovered the presence of plaintiff on the track in time to have avoided the injury, or could by the exercise of ordinary diligence have discovered the presence of the plaintiff on the track in time to have prevented the accident, the law is for the plaintiff, and the jury should so find."

(2) "The court instructs the jury that it was the duty of the motorman in charge of defendant's car to keep a lookout for persons on the track; and if by the exercise of ordinary care the servants of defendant in charge of the car could have discovered the presence of plaintiff in time to have stopped the car, or saw the plaintiff in time to have stopped the car, then the law is for the plaintiff and the jury should so find."

### AUTHORITIES CITED.

Abbott's Trial Brief, pages 438, 433, 435; Pittsburg & W. Coal Co. v. Estievenarde, 53 Ohio St., 43; E. T. V. & G. Ry. Co. v. Lee, 18 S. W. R., 268; Booth on Street Railways, sec. 305; Thompson on Negligence, secs. 1383, 1384, 1382; Thomas on Negligence page 1142; So. Chicago Ry. Co. v. Kinnare, 96 Ill. App., 210; Swain v. Fourteenth St. R. R. Co., 93 Cal., 179; Humbird v. Union St. Ry. Co., 19 S. W. R., 69; Robinson v. Louisville Ry. Co., 112 Fed. Rep., 484; L. & N. R. R. Co. v. Schuster, 10 Ky. Law Rep., 65; S. Covington & Cin. St. Ry. Co. v. Herklotz,

20 Ky. Law Rep., 758; Louisville City Ry. Co., v. Wood, 2 Ky. Law Rep., 387; Cent. Pass. Ry. Co. v. Chatterson, 14 Ky. Law Rep., 663; Owensboro City Ry. Co. v. Hill, 21 Ky. Law Rep., 1638; Louisville City Ry. Co. v. Blaydes, 21 Ky. Law Rep., 480; Passamaneck's Admr. v. Louisville Ry. Co., 17 S. W. R., 765; Rosenkrantz v. Louisville Ry. Co., 18 S. W. R., 890; Shearman & Redfield on Negligence, sec. 435-a, 435-b, 435-c, 5th ed.; Chicago West Div. Ry. Co. v. Ingraham, 131 Ill., 659; Macon by etc., v. Paducah St. Ry. Co., 23 Ky. Law Rep., 48; McLaughlin v. Louisville E. L. Co., 18 Ky. Law Rep., 693; Overall v. Louisville E. L. Co., 20 Ky. Law Rep., 759; Schweitaer's Admr. v. Cit. Gen. Elec. Co., 21 Ky., 608.

FAIRLEIGH, STRAUS & FAIRLEIGH, FOR APPELLEE.

1. We do not contend that appellee had any exclusive right to any part of the street or even to that part covered by the railroad tracks, but we do contend that it had a superior right of way over those tracks as against appellant.

2. Appellant had the use of the street from curb to curb; appellee could use only that part embraced within its tracks. Appellee could not turn its cars from the right to the left or go from curb to curb, therefore, we have a city ordinance making it the duty of all drivers of vehicles to give the right of way to street cars where they can do so, the other parts of the street being unobstructed.

3. The instruction complained of merely declares that other vehicles, where they can do so, must yield that part of the street upon which the cars run and let the cars proceed and to that part of the street embraced within the rails the right of the company is superior, but not exclusive.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING.

Appellant, Gus Greene, was driving in his wagon eastward at the intersection of Twenty-third and Portland avenues in the city of Louisville, when a street car propelled by electricity came up behind him, and ran into his wagon, throwing him to the ground, turning his wagon over, and injuring him, his horse, and his wagon. He was driving at the time on the track of the street railway laid in the street because that was the smoothest part of the highway; traveling at

Greene v. Louisville Ry. Co.

an ordinary trot, the wheels of the wagon being in the car tracks. He had a man on the hind end of his wagon to keep the boys from stealing the apples with which the wagon was loaded, and appellant had asked him, if he saw a car coming, to let him know. The first that appellant knew that a car was coming was when the man in the rear told him so. Appellant then turned his horse, and tried to get out of the way, but before he could do so the car ran into him. As shown by the proof for appellant, the car was running very; rapidly, and gave no signal of its approach. An electric street light was burning at the intersection of Twenty-third and Portland avenues, and the wagon was only ten or fifteen feet north of the crossing when struck. The motorman testified that he was not running fast, and did not see the wagon until he was within thirty feet of it, and after that he could not stop before he ran into it. He also testified that there was a dark place there from the shade of the trees. Appellant's proof was that there was a good light. The jury found for the defendant under the instructions of the court, and the plaintiff appeals.

The court gave the jury these instructions: "(1) The court instructs the jury that if the plaintiff was injured in the manner complained of in the petition, and that the accident and consequent injury, if any there was, was caused by the failure of the defendant or its employes to exercise reasonable and ordinary care in the operation of its car, then the law is for the plaintiff, and the jury should so find. However, the court further instructs the jury that the plaintiff was bound to exercise that degree of care and caution for his own safety that a person of ordinary prudence would exercise under the same and similar circumstances, and if the jury believes that the plaintiff did not exercise such a degree of care and caution. and the accident was occasioned

thereby, then the law is for the defendant, and the jury should so find, unless the jury should further find that the defendant did or could have discovered the peril of the plaintiff in time to have avoided the injury to him by the exercise of reasonable diligence.  (2) The court instructs the jury that the defendant company has the superior, but not the exclusive, right to the -use of -that -portion -of -the street occupied by its tracks, and that when the plaintiff undertook to use that portion of the street it was his duty to use reasonable diligence to keep out of the way of the defendant's cars using the same track.  (3) If the jury believe from the evidence that after the motorman in charge of the car should, by the exercise of ordinary care, have discovered or did see plaintiff's vehicle upon the track, such motorman exercised ordinary diligence, and brought into operation all the means at his command to prevent a collision with the plaintiff's vehicle, then the law is for the defendant, and the jury should so find.  (4) 'Ordinary Care,' as used in these instructions, means that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances."  Appellant complains especially of the second instruction given by the court and of the refusal of the court to give the following instruction, which he asked:  "The court instructs the jury that it was the duty of the motorman in charge of the defendant's car to keep a lookout for persons on the track, and if, by the exercise of ordinary care, the agents and servants of defendant in charge of the car could have discovered the presence of plaintiff in time to have stopped the car, or did see the plaintiff in time to have stopped the car, then the law is for the plaintiff, and the jury should so find."

It is incumbent upon all travelers on the highway to exercise ordinary care for the safety of others using the high-

way. The operators of street cars are bound by this rule no less than other persons on the highway. The only difference between a street car and other vehicles is that it can not turn aside as other vehicles, but must stay on the track, and it is entitled to the use of the track without obstruction from other vehicles; but it can no more run down another vehicle by negligence than any other traveler on the highway may do so, although the vehicle may be upon its track. In operating in public streets rapidly moving cars propelled by electricity it is incumbent on those having charge of them in the crowded highway to exercise care commensurate with the circumstances for the protection of others, and to this end they must keep a lookout ahead of the car. The failure of the court to so instruct the jury was prejudicial to appellant under the facts of the case. Shearman & Redfield on Negligence, section 485; Thompson on Negligence, section 1383; Robinson v. Louisville Railway Co., 112 Fed., 484, 50 C. C. A., 357; Louisville Railway Co. v. Wood, 2 Ky. Law Rep., 387; Central Passenger Railway Company v. Chatterson, 14 Ky. Law Rep., 663; Owensboro Railway Company v. Hill, 56 S. W., 21, 21 Ky. Law Rep., 1638.

If appellant was obstructing with his wagon the railway track, he might be punished for this under the city ordinance; but he was lawfully upon the highway, and had the right to use one part of it no less than another, although occupied by the track of the street railway. If, while on the street car track, he was struck by the car without negligence on the part of those in charge of the car when his presence on the track could not be discovered by them in the exercise of ordinary care in time to avert the injury, he can not recover. But he was not a trespasser on the track, and he had the right to anticipate that a proper lookout would be

kept by those in charge of the cars, and that ordinary care would be exercised by them as in the case of other vehicles to avoid running into him. In 27 Am. & Eng. Ency. of Law, p. 70, the rule is thus stated: "While it is the duty of vehicles moving along street railway tracks to leave the tracks on the approach of cars, so as not to obstruct their passage, still those in charge of the cars must use reasonable diligence to prevent collisions, and the company is liable for injuries resulting from their failure to do so. Thus, where a vehicle is seen moving on the tracks ahead of a car, the motorman, gripman, or driver should bring his car under control, if possible, so as to avoid a collision if the driver of the vehicle fails to leave the track; but he is not required to bring the car to a stop unless the vehicle is sufficiently near to be reasonably considered in a position of danger. It has been held that, where a street car approaching from the rear runs down a wagon driving along the track, this is of itself sufficient evidence of negligence on the part of the street railway company, in the absence of special circumstances excusing such act, to carry the question to the jury. Where a street car is approaching from the rear a vehicle moving along the track, the person operating the car had not the right to proceed without regard to the presence of the vehicle, in anticipation that the vehicle will leave the track in time to give free passage to the car."

Instruction 2 was misleading, and should not have been given. In lieu of instruction 2 given by the court and in lieu of instruction 2 asked by the plaintiff the court should have told the jury that the plaintiff was lawfully upon the street, and had the right to use any part of it; that the defendant was entitled to the use of its tracks for the free passage of its cars; that it was the duty of those in charge

of the defendant's car to keep a lookout for persons and vehicles upon the track and to exercise ordinary care to discover and avoid injuring them; and that it was the duty of the plaintiff in using the street to exercise ordinary care for his own safety and the safety of others. As the court used in instruction 1 the words "reasonable diligence" and "reasonable care," he should, in instruction 4, have told the jury that reasonable diligence or reasonable care is ordinary care.

Instruction 3 given by the court should be omitted. In so far as it was the converse of the last clause of instruction 1, it is unnecessary. There was evidence tending to show want of due precaution in other respects on the part of the operators of the car, and the instruction was an improper limitation on the first clause of instruction 1.

Judgment reversed, and cause remanded for further proceedings consistent herewith.