ALLWORTH *v.* MUSKEGON TRACTION & LIGHTING CO.

STREET RAILROADS—INJURY TO TRAVELER ON HIGHWAY—ACTION —DECLARATION—SUFFICIENCY—CONTRIBUTORY NEGLIGENCE.

A declaration against a street-railroad company alleging that plaintiff, while driving westward on the track at a point one block east of a bend in the track, turned his face and body toward the rear to adjust his load while traveling two blocks, whereupon a collision occurred with a car traveling in the opposite direction, states no cause of action against the street-railroad company in the absence of averments that the motorman had any reason to suppose plaintiff would not turn from the track in time to avoid a collision.

Error to Muskegon; Russell, J. Submitted October 12, 1905. (Docket No. 50.) Decided November 21, 1905.

Case by David Allworth against the Muskegon Traction & Lighting Company for personal injuries. There was judgment for defendant on a demurrer to the declaration, and plaintiff brings error. Affirmed.

*Alex. Sutherland*, for appellant.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp*, for appellee.

MOORE, C. J. This case was commenced by declaration to recover for personal injuries received by plaintiff from coming in collision with a street car owned by defendant. The defendant interposed a demurrer to the declaration. This demurrer was sustained, and plaintiff was given an opportunity to amend his declaration. This he did not do. Judgment was entered against him, and the case is brought here by writ of error.

It is claimed by plaintiff the declaration states a cause of action, while defendant claims it does not. The declaration is very long. If it states a cause of action at all, it is to be found in the following language:

"That heretofore, to wit, on the day and year and at the time and place aforesaid, the said plaintiff was prudently and carefully driving west on said Lake street with his horse and wagon, the south wheels of said wagon being between the rails of the defendant's track and the north wheels outside of said track. Said wagon was loaded with boxes, and there was a strong wind blowing. A short distance east of the place on said Lake street aforesaid, to wit, two blocks, where the injury complained of occurred, there is a bend in the said Lake street, and that a person driving along Lake street at that point could not see an approaching car more than, to wit, one block west. That before plaintiff had passed around said bend, he looked west, to see if a car was approaching, and, seeing none, plaintiff turned his face and body toward the rear of his wagon to readjust the load, which had become displaced by the wind. That said bend is about, to wit, one block long. That west from this bend in said Lake street the view is clear and unobstructed for, to wit, a half of a mile. That the said plaintiff at the time aforesaid was driving slowly, carefully, prudently, and without negligence on his part, and while readjusting his load at the place aforesaid, and had gone, to wit, two blocks west, when plaintiff suddenly heard a noise, faced around quickly, saw the car of defendant almost upon plaintiff's horse. He immediately pulled his horse toward the north of defendant's track, and used every endeavor to escape collision with defendant's car, but, before plaintiff could get the wagon and himself out of the way, defendant's car hit the left side of the wagon, breaking, to wit, the front wheels and thill, and throwing said plaintiff violently to the ground. Plaintiff further avers that the defendant, its servants, conductors, and motormen, who controlled and operated said car of defendant, had a clear and unobstructed view of plaintiff at the time and place where the said plaintiff received the injury aforesaid, for, to wit, one-half mile, and saw, or could have seen, the plaintiff driving on said track, as aforesaid, with his body twisted and his head turned away from the approaching car of defendant and toward the rear of plaintiff's wagon, in which position plaintiff was adjusting part of his load of boxes, which had become deranged by the wind, as aforesaid; yet the said defendant did not, or would not, employ prudent and careful agents, conductors, and motormen who did see, or, if they had been vigilant, could have

seen, the plaintiff on the track of said defendant at the time and place aforesaid in ample time to have reduced the speed of said car, and stopped said car in time to permit said plaintiff to get out of the way without injuring the said wagon or person of plaintiff. Yet though said plaintiff was in plain view of the motorman of said car of defendant, who saw, or could have seen if said motorman had been careful and vigilant, that the said plaintiff was turned away with his back toward the approaching car of said·defendant, as aforesaid, yet the said motorman of defendant, well knowing that plaintiff's face and body was turned away from the approaching car, and that plaintiff was unconscious of his danger, negligently, carelessly, and recklessly, with great force and violence, drove down upon said plaintiff and his said horse and wagon, causing the damage aforesaid. That at said time and place said car was not under such control that it could be stopped in time to avoid collison with the said wagon and horse of plaintiff, but was running at a great and dangerous rate of speed, to wit, twenty miles per hour. That when said car struck the wagon of plaintiff, it threw said plaintiff out of said wagon, and injured his, to wit, the right arm," etc.

There is no allegation in the declaration of gross, wanton, and willful negligence on the part of the motorman, nor is there an allegation that he discovered the negligence of the plaintiff in time to prevent the accident. In support of plaintiff's claim, he cites *La Pontney* v. *Cartage Co.*, 116 Mich. 515; *Manor* v. *Railway Co.*, 118 Mich. 3; *Mertz* v. *Railway*, 125 Mich. 14; *Rouse* v. *Railway*, 128 Mich. 149, 135 Mich. 545; *Tunison* v. *Weadock*, 130 Mich. 159; *Boettcher* v. *Railway Co.*, 131 Mich. 297; *Labarge* v. *Railroad Co.*, 134 Mich. 139.

I think these cases are distinguishable from the case at bar. In nearly all of them the vehicle was going in the same direction as the street car when it was struck. In the case of *Boettcher* v. *Railway Co.*, the vehicle was going toward the car, as in the case at bar, when it was struck, but in that case it appeared that the occasion of plaintiff getting so near the track was to avoid contact with a buggy, which was standing beside the road, and it

was held a question for the jury under all the circumstances of the case. In the case at bar, according to the declaration, plaintiff was driving upon the track of defendant company at a bend in Lake street, where he could not see an approaching car more than one block west; that before passing around said bend he looked west, and saw no car, and then turned his face and body toward the rear of his wagon to adjust his load, and while adjusting his load, having traveled about two blocks, he suddenly heard a noise, faced around quickly, and his wagon was struck by the car. One cannot imagine a succession of acts much more negligent on the part of the person than what is stated here. When he looked he knew he could see but a block. He also knew that when he got west of the bend he could see without any obstruction down the track a half mile, and yet he did not look. There is nothing in the declaration to show that the motorman had any reason to suppose the plaintiff would not drive away from the railway track in time to avoid an accident. Instead of the case being governed by the cases cited by counsel for plaintiff, we think it is controlled by *Richter* v. *Harper*, 95 Mich. 221; *Merritt* v. *Foote*, 128 Mich. 367, and the many cases cited in the last-named case. See, also, *Denman* v. *Johnston*, 85 Mich. 387.

Judgment is affirmed.

McAlvay, Grant, Blair, and Ostrander, JJ., concurred.