## MOTORMAN INJURED BY A COLLISION IN THE FOG.

Court of Appeals for Hamilton County.

Joseph J. Queen v. The Cincinnati Traction Company.

Decided, January 9, 1915.

*Negligence—Motorman Running in the Fog—Collides with Car in Front and is Injured—Weak Headlight Held Not Cause of the Accident.*

A motorman, operating under a rule which required him to run no faster in foggy weather than was consistent with safety, with his car always under control and in disregard of the time schedule if necessary, is not relieved from contributory negligence, in colliding with the car in front of him, by the fact that the headlight with which he was provided was not as strong as some in use, since the strength of the headlight could have no effect on the safety with which the car was run, but only on the rate of speed with which it could be safely run.

*Max Levy* and *W. W. Symmes*, for plaintiff in error.
*Miller Outcalt*, contra.

Jones (Oliver B.), J.; Jones (E. H.), J., concurs; Swing, J., not sitting.

Plaintiff in error was a motorman in the employ of defendant in error. On February 22, 1909, at 5:58 a. m. he reported at defendant's car barns at Eighth and Depot streets to take out his regular car on its run to the west end of the city. The car was equipped with the usual sixteen candle power electric light, but was a car to which could be attached a more powerful head-light known as a searchlight.

As the morning was foggy plaintiff made application to the man in charge at the barn for a searchlight to be placed on his car, but as the supply of these searchlights had been exhausted none was given him. He therefore proceeded to take out the car with the ordinary headlight, and ran on his regular trip down along the Ohio river towards Anderson's Ferry. Before reaching that place, at a point on Liston avenue, the fog having grown much heavier, his car ran into another car of the defend-

ant company which had stopped on the track because of an obstruction in front of it, and because of the difference in elevation of the platforms of the two cars, the front platform of the car which plaintiff was operating was sheered off by the rear platform of the car in front, and plaintiff was severely injured. At the time of the accident the car in front was stationary and its full complement of lights were burning. The car operated by plaintiff was coasting down the street at a rate at which, plaintiff testified, he could stop the car within five or six feet. The fog was so heavy that he claimed that he could see but three or four feet in advance of the car. A rule of the traction company, which was in its printed book of rules with which plaintiff had been furnished a copy, and with which he was familiar, known as No. 217, was introduced in evidence. It is as follows:

"217. Foggy Weather.—When it is foggy and sight ahead is obscured, run car no faster than is consistent with safety. Always have car under control, even should it become necessary to disregard schedule time."

At the conclusion of plaintiff's evidence defendant below moved for an instructed verdict in its favor which motion after argument was granted, and error is now here prosecuted from this action.

Plaintiff in error contends that the failure to furnish his car a proper light was the proximate cause of the collision. It is conceded that the headlight in use was the one which ordinarily was used on that run, and the only reason for asking for a searchlight was because of the foggy weather.. The only difference in the practical use of the two lights would be as to the rate of speed at which the motorman would be justified in running the car. Rule 217, above quoted, required him to run the car under such conditions. no faster than would be consistent with safety, and further required him to always have the car under control even when so doing it became necessary to disregard schedule time. There is no question but that the violation of this rule was the cause of the injury. He had disregarded schedule time, but at the time of the accident he was running the car at such a rate that he was not able to stop it upon seeing

the obstruction in front. The light that he had and the heavy fog permitted him to see only a few feet in advance of the car, and no matter how strong the light the fog might have become so intense as to require the complete stopping of the car. The rule quoted is applicable to such a situation. It would not only permit, but might require him to stop the car entirely, and certainly did require him to run the car at only such speed as was consistent with the safety of not only himself but of his passengers. If his injury was caused by his wilful violation of the rule, he could not recover.

*5 Thompson's Commentaries on Negligence*, Sec. 5395:

"If a servant violates known rules devised and promulgated by the master to promote his safety, and is injured in consequence of such violation, he can not make his own fault the ground of recovering damages from his master, but must take the consequences of his diobedience, his folly, or his recklessness."

It is argued that if he had been able to secure a searchlight for his car the accident would not have happened. This would not necessarily follow, but even if it were conceded, plaintiff was an experienced motorman and knew the condition of his run and the nature of the fog in that part of the city; he knew the difference between the strength of the two headlights; he did not refuse to operate the car without the searchlight and made no complaint, nor was any promise or guarantees given him by the defendant that the small light would answer all purposes and penetrate the fog. He must be considered to have assumed any risk that might arise.

*Pennsylvania Co.* v. *McCurdy*, 66 O. S., 118:

"An employee experienced in the service in which he is engaged is conclusively held to appreciate the dangers which may arise from defects of which he has or in the exercise of due care might have knowledge." *Coal Co.* v. *Norman*, 49 O. S., 598; *Hesse* v. *R. R. Co.*, 58 O. S., 167; *McGill* v. *Traction Co.*, 79 O. S., 203.

Our attention has been called to two cases very similar to the case at bar:  *LaPontney* v. *Shedden Cartage Co.*, 116 Mich., 514, in which the syllabus is as follows:

"A motorman who runs an electric car, upon a foggy morning, at a rate of speed which does not permit of its being stopped in time to avoid collision with a vehicle after the same becomes discernible upon the track ahead, is guilty of contributory negligence."

The other is *Savage* v. *Nassau Elec. Ry. Co.*, 42 App. Div. (N. Y.), 241 (aff. 168 N. Y., 680), in which the court in its opinion, at page 245, used the following language:

"It was negligence for him to proceed on the east bound track on a morning so foggy that he could not see a distance of more than fifteen or twenty feet, at any such rate of speed that he could not, as in fact he did not, stop his car in time to prevent collision with an approaching vehicle."

In the opinion of the court plaintiff below is not entitled to recover, and the judgment is therefore affirmed.

---

## PASSENGER INJURED IN ALIGHTING FROM CAR.

Court of Appeals for Hamilton County.