HUFF v. MICHIGAN UNITED TRACTION CO.

STREET RAILROADS—NEGLIGENCE—AUTOMOBILES—DISCOVERED NEGLI-
GENCE—CONTRIBUTORY NEGLIGENCE.

Evidence, in an action for injuries to plaintiff's automobile caused in a collision with defendant's street car, tending to show that plaintiff's automobile in nearing the track was in plain view of the motorman, that the street car continued after hitting the automobile upwards of 150 feet, that plaintiff was driving about 7 or 8 miles an hour, that in order to avoid a collision he was compelled to turn sharply to the right and that the car which was approaching at a speed from 30 to 35 miles an hour struck the rear corner of the automobile and that a slight reduction in the speed of the car would have prevented an accident, presented a question of fact for the jury whether plaintiff's contributory negligence should have been discovered by the motorman in time to have avoided the accident.

Error to Calhoun; North, J. Submitted January 26, 1915. (Docket No. 81.) Decided June 7, 1915.

Case in justice's court by George Huff against the Michigan United Traction Company for damages to plaintiff's automobile. Defendant appealed to the circuit court from a judgment against it. Judgment for plaintiff. Defendant brings error. Affirmed.

*Sanford W. Ladd* (*Warren, Cady, Ladd & Hill,* of counsel), for appellant.

*James H. Mustard* and *John A. Mustard,* for appellee.

BROOKE, C. J.  On Marshall street in the city of Battle Creek the defendant railway operates a single track.  Charleton street runs north and south and intersects, but does not cross Marshall street.  The plaintiff, on the day of the accident, was driving north on Charleton street.  It was his intention to cross the track to the north side of Marshall street and proceed west to the center of the city.  He was propelling his machine at the rate of 10 or 12 miles an hour.  At the moment he entered Marshall street he testifies he slowed his machine to 7 or 8 miles an hour, when he looked to the west and saw approaching from that direction an interurban car of the defendant company.  He had two passengers in the car with him and all observed the car about 240 or 250 feet distant.  Plaintiff testified that at the speed at which he was going he considered it unsafe to attempt to cross the track in front of the approaching car.  He therefore sharply turned his car to the right so as to place it between the south curb on Marshall street and the railroad track, and thus avoid all possibility of collision.  This result he very nearly accomplished, but the car, which is said to have been approaching at a speed of 30 to 35 miles an hour, struck the left rear corner of his machine and turned it completely around, causing some damage to the machine, but none to the occupants.  The distance between the south rail of the defendant's track and the curb line is approximately 12 feet.  The plaintiff, at the time he discovered the approaching car, was seated at a point approximately from 3 to 6 feet farther south.  The defendant's car was stopped at a point 150 feet east of the point of the collision.  A

motion to direct a verdict on the ground of contributory negligence was denied, and the case was submitted to the jury on the grounds of defendant's primary negligence, plaintiff's contributory negligence, and defendant's discovered negligence.

The court charged the jury in part:

"I further charge you that the plaintiff must have been free from negligence which contributed to the damage sustained by him, otherwise he cannot recover. That is, he must have been free from contributory negligence unless after the time that the motorman saw the plaintiff was in a place of danger, or by the exercise of reasonable care the motorman might have become aware of the fact that the plaintiff was in such a place of danger, the motorman failed to use reasonable care and caution to check the speed of his car so as to avoid injury to the plaintiff or his property, and with this situation the plaintiff did use reasonable care to avoid injury, then plaintiff would be entitled to recover, but in this case I say to you that the motorman who was operating the car even at the time that he saw, if he did see, the plaintiff approaching defendant's tracks had a right to assume the plaintiff would make every reasonable effort to avoid an accident there.

"Along that line I say to you that it was the duty of the plaintiff on approaching Marshall street in his automobile and in approaching defendant's track at that point to have his automobile under such control that it could be stopped before driving upon the tracks in front of an approaching car, providing the car was not being operated at such an excessive rate of speed as to be negligence on the part of the company, and as to be such a condition as the plaintiff might not reasonably be called upon to expect or such a condition as he did not have actual knowledge of at the time.

"The tracks of the defendant company are in themselves notice of danger, and cars must necessarily be run on the rails and cannot turn out to avoid an accident, and the plaintiff is bound to take notice of such condition, and to have his automobile under such control that he could stop before driving on to the tracks in front of a car approaching at an ordinary and reasonable rate of speed.

"It was the duty of the plaintiff to approach the tracks of the defendant with that degree of care which would enable him to see the advancing car and to see and observe the rate at which it was coming, and under these circumstances and under the testimony that at the curb he first saw the car and swerved his machine he would be guilty of contributory negligence unless the car was approaching at such a rate of speed that an ordinary and careful and prudent man might not have been expecting that condition at that time and place.

"If you find that plaintiff could have stopped his automobile after seeing the street car in question, before driving the automobile upon the track in front of the approaching car or in dangerous proximity thereto, and that he did not attempt to stop his auto, he is then guilty of contributory negligence as a matter of law, and he cannot recover, and under these circumstances you should find a verdict of 'no cause of action,' and if you find plaintiff could have seen defendant's car in time to have stopped his automobile before going upon the track in front of the car or any dangerous proximity to it, he is guilty of contributory negligence, and your verdict should be in favor of the defendant.

"I charge you that if plaintiff approached the defendant's tracks with such care and caution as would have enabled him to avoid the accident when the defendant was operating its cars in a reasonably safe and cautious manner, and at the time the plaintiff was not aware that the defendant was not operating its cars in any other way than an ordinary careful manner, and by the exercise of reasonable care and caution he could not have ascertained that fact if such is shown to be a fact by the evidence in the case, then he is entitled to recover if his damages sustained were the direct result of the defendant's negligence in approaching its car with a negligent degree of speed."

After the jury had been absent for a time, the following occurred:

"*The Foreman:* There is a question that we would like to ask: If the defendant sees that the plaintiff is negligent in approaching the tracks, and does not

use precaution to avoid the accident, can plaintiff recover?

"*The Court:* I tried to cover that in particular in my charge, in which I answered that question in the affirmative, that is to say that if the defendant's agent, the motorman in this case, saw that even though it was done carelessly, the plaintiff in this case had gotten himself in a position of danger where he was liable to suffer injury, and after becoming aware of that fact the motorman did not use reasonable care to slacken the speed of his car to avoid injury to the plaintiff or his property, plaintiff could then recover, providing that after he got in that position plaintiff used every reasonable effort to get himself out of it. He has got to do all he can to avert his danger, even though he gets himself into it. He must do all he can to avert the danger.

"*The Foreman:* If we find that plaintiff was negligent in getting in there, does that amount to anything?

"*The Court:* If he was negligent in the first instance that would prevent his right to recover unless the motorman had an opportunity to avoid the injury and did not make a reasonable effort to do so, and also after he had once gotten into danger he discovered that he was in danger, plaintiff would be obliged to use every effort he could to save himself, of course, notwithstanding in the first instance he was guilty of not using the care he ought to.

"*The Foreman:* Then if the plaintiff went on there and was negligent in getting on there, and then after he got in there he used all the necessary precautions and the motorman did not use any precaution and used negligence in stopping his car, then he could claim damages?

"*The Court:* I think your question can be answered by yes, providing always that you find by a preponderance of the evidence that the motorman might have avoided the accident and did not do so, and his failure to do so is because of his failing to try to do so."

Having again retired, they returned to court with a verdict in favor of plaintiff in the sum of $339.75. On motion of defendant this amount was reduced to the sum of $100, that being the limit of the jurisdic-

tion in trespass actions in the justice's court in Battle Creek, from which the case was appealed to the circuit court for the county of Calhoun, and judgment was entered for that sum.

Many errors are assigned by defendant upon the refusal of the court to charge as requested, and upon the charge as given respecting the contributory negligence of the plaintiff. These assignments of error become unimportant and require no consideration, for the reason that it is apparent from the colloquy between the foreman of the jury and the court that the theory upon which the recovery was permitted by the jury was that of discovered negligence, and that they found as the court perhaps should have directed them, that the plaintiff was guilty of contributory negligence in failing to approach defendant's track in such manner or at such a rate of speed as would have enabled him to avoid the collision.

It is strenuously urged on behalf of defendant that there was no evidence in the case upon which the court could properly have submitted the question of discovered negligence to the jury. On behalf of the plaintiff it is pointed out that the evidence shows that at the moment the plaintiff in nearing the track could see the approaching car his automobile was, or should have been, in full view of the motorman in charge of defendant's car. It is further pointed out that after the collision the car traversed a distance of but 150 feet, and further that inasmuch as the car struck the automobile upon its left rear corner, it is apparent that a very slight reduction of the speed of the car would have enabled the plaintiff to pass from a point of dangerous proximity to one of safety. Furthermore, plaintiff's two witnesses, Kline and Lake, stated that from the time they first saw the interurban car until the time of the collision, it was but an instant; that it happened in "a twinkling." At the rate of 30 miles an hour defendant's car would cover 250 feet

in five or six seconds. While the testimony of plaintiff's witnesses that it happened in a twinkling is an obvious exaggeration, yet the impression created upon the minds of these witnesses may warrant a legitimate inference that no attempt was made on the part of defendant's agent to check the speed of the car. The defendant offered no testimony bearing upon the speed of the car, or its management by its agents at the time of the accident.

We have carefully examined the authorities cited and relied upon by the defendant and are of the opinion that the question whether the defendant's agent, the motorman, should have discovered from the actions and situation of plaintiff his peril, and should have, but did not, take ordinary precaution to avert that peril, was one for the determination of the jury, under all the circumstances disclosed by the record in this case. *Richter* v. *Harper,* 95 Mich. 221 (54 N. W. 768) ; *La Pontney* v. *Cartage Co.,* 116 Mich. 514 (74 N. W. 712) ; and *La Barge* v. *Railroad Co.,* 134 Mich. 139 (95 N. W. 1073).

The judgment is affirmed.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.