FRANK WILFLIN, Appellant, v. DES MOINES CITY RAILWAY COMPANY, Appellee.

**RAILROADS: Accident on Tracks—Street Car Overtaking Vehicle—**
**1 Negligence.** Mutual rights, duties and responsibilities of street cars and other vehicles on public streets reviewed, and *held*, negligence could not be predicated on the act of a street car, moving at a lawful rate of speed, in overtaking and running against, in broad daylight, a horse and wagon traveling along the tracks at a slow trot, when nothing occurred to indicate that the driver of the wagon would not leave the tracks until, owing to a break in the harness, the wagon stopped when from 30 to 45 feet from the street car, and, while the motorneer instantly discovered the stop, yet there was no evidence as to the *speed of the car, the grade of the street, or as to the distance in which the car might have been stopped.*

**RAILROADS: Accident on Tracks—Negligence of Driver of Vehicle**
**2 —Duty of Motorneer.** Negligence of the driver of a vehicle in driving along street car tracks without proper heed as to cars approaching from the rear, does not exonerate the motorneer from the duty to exercise reasonable care to avoid a collision.

**RAILROADS: Accident on Tracks—Speed of Street Car—Presump-**
**3 tion.** In the absence of evidence as to the speed of a street car, it must be presumed that the car was moving at a lawful rate of speed.

*Appeal from Polk District Court.*—CHAS. A. DUDLEY, Judge.

FRIDAY, MARCH 17, 1916.

REHEARING DENIED WEDNESDAY, JUNE 28, 1916.

ACTION for damages consequent on a collision with defendant's street car resulted in a directed verdict and judgment thereon. The plaintiff appeals.—*Affirmed.*

*C. N. Pickler,* for appellant.

*Parker, Parrish & Miller,* for appellee.

LADD, J.—The defendant maintains double tracks on Cottage Grove Avenue, extending diagonally northwest from Nineteenth and Crocker Streets. Twentieth Street crosses this avenue irregularly, the part extending south of it being nearly a half block west of the portion extending north. The latter forms an acute angle, and within it,—that is, between Cottage Grove Avenue extending northwest from the intersection and the portion of Twentieth Street running north therefrom,—is a fruit and confectionery store. At about one o'clock in the afternoon of September 1, 1913, the plaintiff, a boy of 16 years, was driving a horse and delivery wagon on a slow trot along Cottage Grove Avenue, from its intersection with Crocker Street to the northwest, until he had passed the store a short distance, when the left tug came loose. He testified:

1. RAILROADS: accident on tracks: street car overtaking vehicle: negligence.

"Just as quick as the tug came loose I raised my hand and dropped it again and tried to get off and fix the tug and by the time I got started there the car hit me and knocked me off. The wagon was facing straight west. It was straddling the right rail. Q. How far did the horse run before he threw you out? A. Well, it didn't run. Just as the tug came loose the car hit it, and then the horse went down there, I guess it was Twentieth Street."

His reason for driving on the track was that the pavement along the side was uneven and rough. On cross-examination, he testified that he was looking ahead when the tug unfastened and immediately looked toward the car and raised his hand; that he "then turned around and was going to get off and fix the tug and by the time I got started to get off the car hit the wagon;" and that he "did not have time to get off his seat before the car came." Two boys passing that way saw what occurred, and in the main corroborate plaintiff's story.

All agree that as the tug fell the horse turned to the south, and that the car was 10 or 15 yards away. None noticed the motorman undertake to stop the car, but it did stop when about halfway past the place of collision. The witness Merkle testified that the gong was ringing, and that the car was "running apparently about the rate they generally run in the traffic over the city along the street." There was no other evidence as to the speed of the car, nor was there any evidence as to what distance a car moving at any particular speed may be stopped. Was this enough to carry the issue of defendant's negligence to the jury? The plaintiff had the right to the use of the entire street, including the tracks of defendant; but as the street car could not leave its tracks to pass the vehicle he was driving, it was incumbent upon him, upon notice of the approach of the car, to turn out and make way for the latter. But the defendant might not enforce this duty to be observed for its benefit by violence. It was not authorized to force the obstructing vehicle from the track. Neither it nor plaintiff had the right to assume that the other would keep out of the way at its or his peril, although the defendant might rightly demand that the horse and wagon should not unreasonably delay on the track. The motorman was bound, under the law, to keep a lookout for vehicles on the street. If he sees a vehicle on the track ahead, or in the exercise of ordinary care should have done so, it is his duty to bring the car under such control as to avoid a collision if the driver of the vehicle shall not leave the track. The rule is applicable to all vehicles, and, whenever overtaking another in its line of progress and a possible obstacle in the way, a proper regard for the rights of others requires that the car be reduced to such control that it may be immediately brought to a standstill, if necessary. *Consolidated Traction Co. v. Haight*, 59 N. J. L. 577; *Camden, etc., R. Co. v. Preston*, 59 N. J. L. 264; *La Pontney v. Shedden Cartage Co.*, 116 Mich. 514; *Vincent v. Norton & Taunton St. R. Co.*, 180 Mass. 104; *Robinson v. Louisville R. Co.*, 112 Fed. 484; *Greene v. Louis-*

*ville R. Co.* (Ky.), 84 S. W. 1154. The law is accurately stated in 27 Am. & Eng. Encyc. of Law (2d Ed.) 70:

"While it is the duty of vehicles moving along street railway tracks to leave the tracks on the approach of cars, so as not to obstruct their passage, still those in charge of the cars must use reasonable diligence to prevent collisions, and the company is liable for injuries resulting from their failure to do so. Thus, where a vehicle is seen moving on the tracks ahead of a car, the motorman, gripman, or driver, should bring his car under control, if possible, so as to avoid a collision if the driver of the vehicle fails to leave the track; but he is not required to bring the car to a stop unless the vehicle is sufficiently near to be reasonably considered in a position of danger. It has been held that, where a street car approaching from the rear runs down a wagon driving along the track, this is, of itself, sufficient evidence of negligence on the part of the street railway company, in the absence of special circumstances excusing such act, to carry the question to the jury. Where a street car is approaching from the rear a vehicle moving along the track, the person operating the car has not the right to proceed without regard to the presence of the vehicle, in anticipation that the vehicle will leave the track in time to give free passage to the car."

As to the duty to keep a lookout and avoid injury to one on the track, see *Barry v. Burlington Ry. & Light Co.*, 119 Iowa 62; *Doherty v. Des Moines City R. Co.*, 137 Iowa 358; *Remillard v. Sioux City Trac. Co.*, 138 Iowa 565; *Doran v. Cedar Rapids & M. C. R. Co.*, 117 Iowa 442. *McCormick v. Ottumwa Ry. & Light Co.*, 146 Iowa 119, on which appellee seems to rely, is not in point, for there the plaintiff undertook to cross the track, and at no time was driving along the track before the car in the same direction. Of course, the motorman must have seen the person in peril on the track ahead in time to have avoided a collision, according to the majority in *Bourrett v. Chicago & N. W. R. Co.*, 152 Iowa 579, but on the duty to keep a lookout and a clear field of

vision may be based a finding that he did see, in a suit against a street railway. *Barry v. Burlington Ry. & Light Co.,* supra, and *McCormick v. Railway,* supra. Why this is not so when the action is against a steam railway company, see majority opinion in *Bourrett v. Railway,* supra.

In the case at bar, plaintiff was not negligent in driving, his wagon on the track. He had the right to the use of the entire street, including the tracks. As against the car approaching from behind, he would have done his duty had he driven from the track as soon as he knew, or, in the exercise of ordinary care, should have known, of its near approach. The plaintiff testified that he did not know it was coming until he turned to signal. But the gong was sounding, and, had he been giving any attention, he must have heard, as no diverting circumstances were proved. He must be assumed to have been aware, in going on the track, that cars were likely to come up back of him, and it was as much his duty to keep a lookout for cars as of the defendant's employees for vehicles. But their facilities were superior to his, as he would have had to look back, while the motorman faced in the direction both were moving; and though plaintiff must have been held to have been negligent in not making way for the car, this would not necessarily excuse defendant's employee. Neglect of the duty on plaintiff's part is not a good defense to the action, unless it contributed proximately to the injury. If defendant's employee knew that plaintiff was continuing on the track, even though negligently, this did not exonerate such employee from taking into account plaintiff's situation and keeping this in mind in managing his car, and, notwithstanding such situation, from exercising reasonable care to avoid a collision. *Bruggeman v. Illinois Cent. R. Co.,* 147 Iowa 187.

As plaintiff was driving on a "little trot," the motorman was not required to stop his car, merely to slow down; and,

2. RAILROADS: accident on tracks: negligence of driver of vehicle: duty of motorneer.

but for the tug's falling, this would probably have been all that was necessary before the wagon left the track. For all that appears, the speed of the car was so reduced. The testimony that it was moving as cars generally did over the city proved nothing, for the speed of these differs in different localities and according to circumstances. Though to testify to the speed of a car a witness need not be an expert, he must. be shown to know something of the subject of which he speaks. In the absence of evidence, we must assume that the car was moving at a lawful rate of speed at the time plaintiff gave the signal by raising his hand. How fast he had been driving we are not advised, otherwise than that the horse was moving on a "little trot." It stopped suddenly when the tug fell. Neither the plaintiff nor the motorman had anticipated this. When he saw the wagon stop,—and the jury might have found this to have been immediately,—it was the motorman's duty to exercise ordinary diligence, measured by the circumstances, to bring his car to a standstill in time to avoid a collision. Whether he did so depends on the speed at which the car was moving, the grade of the street, and within what distance it might be stopped when so moving at such grade. None of these elements were proven, and there is no basis on which to predicate a finding as to whether the motorman was negligent in not avoiding the collision. For these reasons, there was no error in directing the verdict, and the judgment is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.

*3. RAILROADS: accident on tracks: speed of street car: presumption.*